UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

APPLICATION OF MEDITERRANEAN
SHIPPING COMPANY S.A. FOR AN ORDER
TO TAKE DISCOVERY PURSUANT TO 28
U.S.C. § 1782,

                Applicant.

Case No. _____

**MEMORANDUM OF LAW IN SUPPORT OF THE APPLICATION OF
MEDITERRANEAN SHIPPING COMPANY S.A.
<u>FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax.: (212) 701-5800

*Attorneys for Applicant*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

I.      APPLICANT HAS SATISFIED THE THREE STATUTORY REQUIREMENTS
OF 28 U.S.C. § 1782............................................................................................... 4

        A.     The Banks are Found in the Southern District of New York................................. 5

        B.     The Discovery Sought is For Use in a Proceeding Before a Foreign
Tribunal....................................................................................................... 6

        C.     Applicant is an Interested Person to the Foreign Proceeding. ............................... 8

II.     THE DISCRETIONARY FACTORS SUPPORT GRANTING THE
APPLICATION. ..................................................................................................... 8

CONCLUSION.................................................................................................................... 11

## TABLE OF AUTHORITIES

<span style="text-align:center">C<span style="font-size:smaller">ASES</span></span>

P<span style="font-size:smaller">AGE</span>(S)

*In re Accent Delight Int'l Ltd.,*
    869 F.3d 121 (2d Cir. 2017) ........................................................................ 7

*In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.,*
    773 F.3d 456 (2d Cir. 2014) .................................................................. 6, 8-9

*In re B&C Kb Holding GmbH,*
    2023 WL 1777326 (S.D.N.Y. Feb. 6, 2023) *objections overruled*, No. 22-MC-180 (LAK) (VF), 2023 WL 4544775 (S.D.N.Y. June 8, 2023), *aff'd sub nom. In re B&C Kb Holding GmbH,* No. 23-1014, 2024 WL 3170983 (2d Cir. June 26, 2024) ...................................8, 10

*In re B&C Kb Holding GmbH,*
    2024 WL 3170983 (2d Cir. June 26, 2024) ................................................ 7-9

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,*
    673 F.3d 76 (2d Cir. 2012) ........................................................................... 5

*Ecoprivate Bus. Ltd. v. Clearing House Payments Co. L.L.C.,*
    2023 WL 4848516 (S.D.N.Y. July 28, 2023) ............................................... 1

*First Am. Corp. v. Price Waterhouse LLP,*
    154 F.3d 16 (2d Cir. 1998) ......................................................................... 10

*Gucci America v. Weixing Li,*
    768 F.3d 122 (2d Cir. 2014) ......................................................................... 5

*Gushlak v. Gushlak,*
    486 F. App'x 215 (2d Cir. 2012) ................................................................. 1

*In re Hornbeam Corp.,*
    2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ........................................... 1

*In re Hornbeam Corp.,*
    722 F. App'x 7 (2d Cir. 2018) .................................................................. 8-9

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004) .......................................................................... 2, 8-9

*In re Kipperband,*
    2025 WL 1418706 (2d Cir. May 16, 2025) ................................................. 7

PAGE(S)

*Matter of Application for an Ord. Seeking Discovery Under 28 U.S.C. § 1782*,
   2024 WL 2883293 (S.D.N.Y. May 16, 2024), *report and recommendation adopted sub nom.*
   *Matter of Ord. Seeking Discovery Under 28 U.S.C. § 1782,* 2024 WL 2883091 (S.D.N.Y.
   June 5, 2024) ...........................................................................................................................6

*Mees v. Buiter,*
   793 F.3d 291 (2d Cir. 2015) ....................................................................................... 9

*In re Petrobras Sec. Litig.,*
   393 F. Supp. 3d 376 (S.D.N.Y. 2019) ......................................................................... 5

*In re Tuohy,*
   2025 WL 1147574 (S.D.N.Y. Apr. 18, 2025) ....................................................... 10

*In re W. Afr. Min. Trading Ltd.,*
   2024 WL 3862293 (S.D.N.Y. Aug. 19, 2024) ......................................................... 5


STATUTES & RULES

28 U.S.C. § 1782.......................................................................................................... Passim

Applicant Mediterranean Shipping Company S.A. ("MSC Argentina" or "Applicant") respectfully petitions this Court *ex parte*[1] for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") authorizing it to take discovery, in the form of the attached subpoenas (*see* Declaration of Tatiana R. Martins ("Decl.") at Exs. A - C), from Citibank, N.A., Popular Bank, N.A., and JPMorgan Chase Bank N.A. (collectively the "banks"), entities found in the Southern District of New York, for use in a foreign proceeding in Argentina, (the "Application").

## <u>PRELIMINARY STATEMENT</u>

This Application stems from a series of alleged fraudulent schemes perpetrated on MSC Argentina by current and former employees of the company at its offices in Buenos Aires, Argentina.  Applicant is MSC Argentina itself, which has learned that its former Chief Financial Officer, Martin Silman, who was acting with a number of current and former employees, has for years been secretly engaging in fraud and embezzlement of funds through fraudulent asset transfers.  (Decl. Ex. E at 83.)  Relating to this conduct, MSC Argentina lodged a criminal complaint with Argentina's National Criminal and Correctional Court of Appeals.[2]  (Decl. Ex. D ¶¶ 7, 9.)  MSC Argentina has alleged several fraudulent schemes, including, among others, fraudulent diversion of shipping commissions owed to MSC Argentina's clients using MSC Argentina's third-party payment processes and fraudulent payments to third parties for services that were never performed.  (Decl. Ex. D ¶ 10.)

---

[1] Courts in the Second Circuit routinely handle § 1782 requests on an *ex parte* basis.  *See e.g.*, *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *4 (S.D.N.Y. Sept. 17, 2015) (collecting cases, and noting the "widespread recognition that § 1782 applications are properly handled *ex parte*").

[2] While "[t]he idea of private enforcement of criminal laws may seem foreign to the American reader," *Ecoprivate Bus. Ltd. v. Clearing House Payments Co. L.L.C.*, No. 23 Misc. 232 (KPF), 2023 WL 4848516, at *1 n. 2 (S.D.N.Y. July 28, 2023), this practice is commonplace in other jurisdictions, including Argentina, (Decl. Ex. D ¶¶ 7-8.)

After the filing of the criminal complaint, an Argentine proceeding was opened, (the "Foreign Proceeding"), and has been assigned to an investigating judge at the National Criminal Court No. 7 (the *Juzgado Nacional de Instrucción en lo Criminal y Correccional número 7*). (Decl. Ex. D ¶ 9.) At present, the investigating judge has delegated the investigation to a Public Prosecutor from the National Investigation Prosecutor's Office of Criminal and Correctional Matters No. 36 pursuant to Argentine criminal procedure. (*Id.*) Although the investigation has been delegated to the Public Prosecutor, the investigating judge retains control over the proceedings, and ultimately decides whether to indict, acquit, or defer an accusation on the basis of statements made by the defendants and evidence submitted. (Decl. Ex. D ¶ 7.)

This Section 1782 Application seeks discovery from banks located in the Southern District of New York, (*see* Decl. Exs. F - H), that held accounts for various third parties where the alleged fraudulent payments were made, and therefore possess information highly relevant to the Foreign Proceeding. As further detailed below, this Section 1782 Application should be granted. *First*, it meets the statutory requirements for a Section 1782 application because the banks are "found" in this District and the discovery sought is "for use" in a foreign proceeding in which Applicant is an "interested person." *Second*, the discretionary factors that apply in determining whether to grant an application, as articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-265 (2004), all weigh in favor of granting this Section 1782 Application.

Accordingly, Applicant respectfully requests that the Court grant it permission to take discovery from Citibank N.A., Popular Bank, N.A., and JPMorgan Chase Bank, N.A.

## **FACTUAL BACKGROUND**

MSC Argentina is a shipping company that provides shipping services to and from Argentina. (Decl. Ex. D ¶ 5.) In 2019, MSC Argentina enhanced its third-party payment processes

after learning about a fraudulent scheme at one of its longstanding customers devised by one of its own employees.  (Decl. Ex. E at 72-73.)  Applicant has since learned that a number of current and former employees, including its former Chief Financial Officer, Mr. Martin Silman ("Silman"), utilized the company's third-party payments processes to defraud the company through a number of fraudulent schemes that have resulted in losses.  (Ex. D ¶¶ 4, 10, 12, 14-15.)   These actions included diverting shipping commissions owed to MSC Argentina's clients to other third parties that held themselves out, sometimes through forged invoices, as having the contractual right to these payments.  (*See* Decl. Ex. D ¶ 10; Decl. Ex. E at 84-85, 88.)

MSC Argentina has memorialized its allegations of fraudulent administration against Mr. Silman and others in a criminal complaint filed with Argentina's National Criminal and Correctional Court of Appeals on February 26, 2025, the first step in the ongoing Foreign Proceeding.  (Decl. Ex. D ¶ 9.)  As a result, a criminal case has been opened before the National Criminal Court No. 7 of Buenos Aires under Case Number 10.026/2025.  (*Id*.)  Currently, the criminal complaint has been assigned to an investigating judge and delegated to a public prosecutor in accordance with Argentina criminal procedure.  (*Id.* at ¶¶ 7, 9.)  MSC Argentina has become a party to actively participate and submit evidence in the proceeding and is cooperating with the investigating judge and public prosecutor.  (*Id.* at ¶ 9.)

Applicant has also recently become aware that its former employees perpetrated additional potentially fraudulent schemes against the company that it will include in the Foreign Proceeding.  (Decl. Ex. D at ¶ 12.)  Specifically, since filing its complaint, MSC Argentina identified at least 95 payments between 2019 and 2023 that exceed USD $8 million that do not appear to have a proper business purpose.  (Decl. Ex. D at ¶ 14.)  These payments are not supported by invoices or other documentary evidence in MSC Argentina's records and occurred during an era of highly

restrictive foreign exchange regulations, which limited Argentine companies from acquiring or transferring funds abroad. (Decl. Ex. D ¶¶ 14 & n.1.) While the payments may be linked to Argentine-peso deposits the company MSC Argentina has identified around the time of the payments from one of MSC Argentina's largest customers, Mercator Transport Argentina ("Mercator"), a freight forwarder that regularly contracts with MSC Argentina for transport services, the payments do not correspond to any contracts or services between Mercator and MSC Argentina. (*Id.* at ¶¶ 14-15.) Thus, MSC Argentina's employees may have engaged in additional conduct constituting the crime of fraudulent administration. (*Id.* at ¶ 14.)

MSC Argentina's payment records reflect that among the beneficiaries of the payments related to the shipping commission diversions and payments related to Mercator, payments were made to bank accounts held at Citibank, N.A., Popular Bank, N.A., and JPMorgan Chase Bank N.A. (Decl. Ex. D ¶ 16; Ex. 1.) The discovery sought here, transaction and account records, will allow Applicant to trace the funds from the alleged fraudulent transfers and their disposition and identify the ultimate beneficial owners of the payment beneficiaries.

## <u>ARGUMENT</u>

This Court should grant this Application because MSC Argentina satisfies both the statutory prerequisites for a Section 1782 action and all of the discretionary factors courts consider as articulated by the Supreme Court.

## I.    APPLICANT HAS SATISFIED THE THREE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782.

Pursuant to Section 1782 of Title 28 of the United States Code, an applicant can obtain discovery "for use in proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782. An applicant must satisfy

the three statutory prerequisites to obtain discovery: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). The Second Circuit has noted that "the statute has, over the years, been given increasingly broad applicability." *Id.* (internal quotation marks omitted). Applying these factors to this Application, the statutory factors are easily met.

### A.    The Banks are Found in the Southern District of New York.

Citibank N.A., Popular Bank, N.A., and JPMorgan Chase Bank N.A., from whom discovery is sought, are found within the Southern District of New York. In this District, "the great weight of authority suggests that at minimum compelling an entity to provide discovery under § 1782 must comport with constitutional due process." *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 381 (S.D.N.Y. 2019) (quotation and punctuation marks omitted). In addition, Second Circuit case law "supports the proposition that district courts should read the 'resides or is found' language in § 1782 to incorporate a personal jurisdiction requirement." *Id.* (citing *Gucci America v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014)). Citibank N.A. maintains a principal place of business at 388 Greenwich Street, New York, NY, 10013 in the Southern District of New York. (*See* Decl. Ex. F). JPMorgan Chase Bank N.A. maintains its principal executive offices at 383 Madison Avenue, New York, NY in the Southern District of New York. (*See* Decl. Ex. G). *See also In re W. Afr. Min. Trading Ltd.*, No. 24 Misc. 114 (DEH), 2024 WL 3862293, at *2 (S.D.N.Y. Aug. 19, 2024) (noting that Citibank and JPMorgan Chase are headquartered and/or have their principal places of business in New York to satisfy the statutory requirement to reside or be found

in the District). Popular Bank, N.A. maintains their corporate headquarters at 85 Broad Street, New York, NY, 10004 in the Southern District of New York. (*See* Decl. Ex. H). As such, Applicant satisfies the first statutory requirement.

### B. The Discovery Sought is For Use in a Proceeding Before a Foreign Tribunal.

The discovery sought by Applicant will be submitted in the already pending Foreign Proceeding, and, thus, it is "for use" in a proceeding before a foreign tribunal. Section 1782(a) permits discovery in foreign proceedings "including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The Second Circuit has held that Section 1782 "permits district courts to order the production of discovery for use in a foreign criminal investigation being conducted by an investigating magistrate."[3] *In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d 456, 462 (2d Cir. 2014) ("Congress's most recent textual change, in 1996, cemented the statute's applicability to foreign criminal investigations. The amended statute explicitly covered 'criminal investigations conducted before formal accusation.'"). In addition, the Second Circuit has noted that "[a]lthough we have approached the issue according to the particular facts of each case and the arguments presented, we have focused in each on the *practical ability* of an applicant to place a beneficial

---

[3] The Foreign Proceeding at issue here is overseen by an investigating judge, akin to *judges d'instruction* in European systems that are the "paradigmatic example of a 'tribunal' for the purposes of § 1782." *In re Application for an Ord. Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proc.*, 773 F.3d at 461 n. 8. This differs from other cases where courts have found that an applicant failed to meet the "for use" prong because the criminal complaint was filed to an Attorney General's or prosecutor's office "that lacks adjudicatory powers" and there was no indication that the allegations would reach a foreign or international tribunal, *see e.g.*, *Matter of Application for an Ord. Seeking Discovery Under 28 U.S.C. § 1782*, No. 24 Misc. 152 (GHW) (GS), 2024 WL 2883293, at *5 (S.D.N.Y. May 16, 2024), *report and recommendation adopted sub nom. Matter of Ord. Seeking Discovery Under 28 U.S.C. § 1782*, No. 24 Misc. 152 (GHW), 2024 WL 2883091 (S.D.N.Y. June 5, 2024) (denying discovery for use in a criminal investigation before an Attorney General's office where "[n]othing in [Applicant's] Application indicates that criminal investigations in Mexico are conducted by an investigating magistrate or similar neutral adjudicator akin to what happens in the European inquisitorial system."). Here, the investigation and criminal proceeding is overseen and ultimately decided by the judge. (Decl. Ex. D ¶¶ 7, 9.)

document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017) (emphasis in original). This requirement presents a "low hurdle." *In re B&C Kb Holding GmbH*, No. 23-1014, 2024 WL 3170983, at *4 (2d Cir. June 26, 2024). Indeed, the Second Circuit has upheld a district court's grant of a Section 1782 application even where the discovery requested is "minimally relevant to the subject-matter of the foreign litigation," *In re Kipperband*, No. 24-2627, 2025 WL 1418706, at *1 (2d Cir. May 16, 2025) (summary order) (affirming the district court's grant of an application for Section 1782 discovery for records of wire transfers from fourteen financial institutions) (internal quotation marks omitted).

Here, the Foreign Proceeding is an ongoing criminal investigation in Argentina that was commenced after MSC Argentina filed a criminal complaint with the National Criminal and Correctional Court of Appeals. (Decl. Ex. D ¶¶ 7, 9.) The criminal complaint alleges a number of fraudulent schemes conducted by its current and former employees and notes that Applicant continues to investigate potential wrongdoing by those employees. (*Id.* at ¶¶ 10, 13.) The criminal complaint has been assigned to an investigating judge of the National Criminal Court No. 7 of Buenos Aires, who oversees and is ultimately responsible for the investigation, and the decision to indict, acquit, or defer the accused parties, that is currently delegated to a public prosecutor, pursuant to Article 196 of Argentina's Criminal Procedure. (Decl. Ex. D ¶¶ 7, 9.) Applicant, as the victim and a formal party to the proceeding has the opportunity to submit evidence to be considered during the proceeding. (*Id.* at ¶¶ 7, 9.) The substance of the documents that MSC Argentina seeks is directly related to the allegations in the Foreign Proceeding, particularly with respect to the approval of payments by its former CFO to third-party beneficiaries with no customer relationship with MSC Argentina. The discovery sought will be presented in the Foreign

Proceeding and will trace the funds and the ultimate beneficiaries of the payments, which total millions of dollars across the various schemes. (Decl. Ex. D ¶¶ 20-21.) There is no question that MSC Argentina's application "clears [the] low hurdle," *In re B&C Kb Holding GmbH*, 2024 WL 3170983, at \*4, as its requests are relevant to the alleged misconduct.

### C.    Applicant is an Interested Person to the Foreign Proceeding.

Finally, Applicant is an "interested person" in the Foreign Proceeding for the purpose of Section 1782 because it is both the victim to the underlying facts as outlined in the criminal complaint it filed in Argentina and a party in the Foreign Proceeding, (Decl. Ex. D ¶¶ 8, 9). *See e.g.*, *In re B&C KB Holding GmbH*, No. 22 Misc. 00180 (LAK) (VF), 2023 WL 1777326, at \*3 (S.D.N.Y. Feb. 6, 2023), *objections overruled*, No. 22-MC-180 (LAK) (VF), 2023 WL 4544775 (S.D.N.Y. June 8, 2023), *aff'd sub nom. In re B&C Kb Holding GmbH*, No. 23-1014, 2024 WL 3170983 (2d Cir. June 26, 2024) (finding that an alleged fraud victim that has filed a criminal complaint with the prosecutor's office is an "interested party"); *In re Application for an Order Pursuant to 28 U.S.C. § 1782*, 773 F.3d at 462 (granting a Section 1782 discovery application to a complainant in an ongoing criminal investigation in Switzerland). In fact, the Supreme Court has held that a complainant that can submit information in support of its allegations is an interested party for purposes of 28 U.S.C. § 1782. *See Intel Corp.*, 542 U.S. at 255 (2004) (finding that a party without the status of a "private litigant" or "sovereign agent" can be an interested party). Thus, Applicant has met all three statutory factors.

## II.    THE DISCRETIONARY FACTORS SUPPORT GRANTING THE APPLICATION.

Beyond the statutory requirements of Section 1782, courts in this District must exercise their discretion "in light of the twin aims of the statute: providing efficient means of assistance to

participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Hornbeam Corp.*, 722 F. App'x 7, 10 (2d Cir. 2018) (summary order) (quoting *Mees v. Buiter*, 793 F.3d 291, 297–98 (2d Cir. 2015). In addition to the twin aims of the statute, the Court must also consider discretionary factors outlined by the Supreme Court in *Intel*: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the [Section 1782] request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome." *Mees*, 793 F.3d at 298 (quoting *Intel*, 542 U.S. at 264–65) (quotation marks omitted). All these factors weigh in favor of granting the instant Application.

First, the banks from whom discovery is sought are not parties in the Foreign Proceeding and as such this first factor militates in favor of granting the request. Indeed, here the banks are "nonparticipant[s] in the foreign proceeding" that are "outside the foreign tribunal's jurisdictional reach." *Intel*, 542 U.S. at 264.

Second, the character of the ongoing proceedings in Argentina and the nature of the Argentine tribunal weigh in favor of granting this Application. Courts have routinely ordered Section 1782 discovery for use in proceedings similar to those at issue in this case. *See e.g.*, *In re Application for an Order Pursuant to 28 U.S.C. § 1782*, 773 F.3d at 461; *In re B&C Kb Holding GmbH*, No. 23-1014, 2024 WL 3170983, at *2 (affirming the district court's grant of a Section 1782 application for the use of discovery in an Austrian criminal investigation). In addition, the

9

experience of MSC Argentina's counsel suggests that the Argentine court, will be receptive to this evidence.  (Decl. Ex. D at ¶ 21.)

Third, by filing this Application, MSC Argentina is not attempting to circumvent proof-gathering restrictions or other policies of Argentina in the United States.  Here, Applicant is the victim of an alleged fraudulent scheme in which current and former employees authorized payments to third parties that either had no relationship with the company or fraudulently misrepresented their right to collect payments from Applicant.  Applicant, at its own significant expense, has undertaken efforts to put a stop to the fraudulent activity taken against it by its most trusted employees and to recover any ill-gotten gains that are in the hands of beneficiaries.  Applicant has also referred the matter to criminal authorities in Argentina.  Thus, Applicant has a good faith basis for seeking this discovery, and this factor also weighs in favor of granting this Application.  *See In re B&C KB Holding GmbH*, 2023 WL 1777326, at *7.

Finally, this request is neither unduly intrusive nor burdensome, as it is targeted at "at obtaining information relevant to" the foreign proceeding, *id.*, and concerns "the precise subject matter of the underlying" proceedings, *see First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 23 (2d Cir. 1998).  The documentary discovery Applicant requests here will provide information about the unauthorized transfer and receipt of Applicant's funds.  The requested discovery is "narrowly tailored" to the subject matter of the foreign proceeding and seeks documents that the banks "would be expected to maintain in the ordinary course of business."  *In re Tuohy*, No. 24 Misc. 605 (GHW) (OTW), 2025 WL 1147574, at *4 (S.D.N.Y. Apr. 18, 2025).  Thus, the fourth *Intel* weighs in favor of the Court granting this Application.

This Court should grant this Application because Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. § 1782 action and all of the discretionary factors articulated by the Supreme Court.

## **CONCLUSION**

For the foregoing reasons, Applicant respectfully requests that this Court issue an Order (1) approving Applicant's Application for discovery; (2) granting permission for Applicant to issue the subpoenas as they appear attached as Exhibits A - C to the Declaration of Tatiana R. Martins; and (3) directing Citibank N.A., Popular Bank, N.A., and JPMorgan Chase Bank N.A. to produce the documents in its possession, custody, and control, as requested in the subpoena attached as Exhibit A - C no later than 14 days following the date of this Court's order.

Dated: New York, New York

December 29, 2025

Respectfully submitted,

*/s/ Tatiana R. Martins*
Tatiana R. Martins

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
tatiana.martins@davispolk.com

Attorney for Applicant
Mediterranean Shipping Company S.A.

11