IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>APPLICATION OF MEDITERRANEAN SHIPPING COMPANY S.A. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782,<br><br>Applicant. | Case No. 1:25-mc-00598-JLR |

**STIPULATED PROTECTIVE ORDER**

Applicant Mediterranean Shipping Company S.A. ("MSC Argentina") and Respondent JPMorgan Chase Bank N.A. ("JPMC" together with MSC Argentina, the "Parties") hereby agree and stipulate to the following protective order governing documents JPMC will produce in response to the subpoena to JPMC dated May 14, 2026 ("Subpoena") pursuant to the Court's Order dated May 7, 2026 (Dkt. No. 22, the "Order"). The Parties hereby stipulate as follows:

1. This Stipulated Protective Order ("Protective Order") governs all documents and other materials produced by JPMC in this matter in response to the Subpoena.

2. All documents and other materials produced by JPMC may be used for only the following purposes and for no other purpose:

   a. the above-captioned action ("Section 1782 Action");

   b. the criminal proceeding in Argentina that was commenced by MSC Argentina's filing of a criminal complaint on February 26, 2025 with Argentina's National Criminal and Correctional Court of Appeals (known as the *Cámara Nacional de Apelaciones en lo Criminal y Correccional in Argentina*) ("Foreign Proceeding"), a copy of which is attached as Exhibit E to the Declaration of Tatiana R. Martins filed at Dkt. No. 3-5 in the Section 1782 Action; and

   c. any other Argentine Proceedings as defined in Sections 5(m) and 6, *infra*.

3. In response to the Subpoena, JPMC will produce confidential financial information related and/or belonging to customers that are not parties to the Section 1782 Action, the Foreign Proceeding, or the Argentine Proceedings. As set forth in paragraphs 5(b), 5(c), and 5(g)–5(m) below, the documents and other materials produced by JPMC will be used in a foreign criminal investigation and proceeding. The purpose of this Protective Order is to limit the disclosure of third parties' confidential financial information while permitting its use in the context of the Section 1782 Action, the Foreign Proceeding, and the Argentine Proceedings.

4. JPMC may designate all or any portion of any document it produces as "Confidential" indicating that such document contains information that is a trade secret, proprietary, commercially sensitive, private or personal, or otherwise confidential ("Confidential Material(s)"). It shall do so by stamping or affixing "Confidential" onto each page of any Confidential Material without interfering with the legibility of the document.

5. Confidential Materials and any copies thereof, notes made therefrom, and the information contained therein shall be disclosed only to:

a. MSC Argentina; in-house counsel and personnel of MSC Argentina, Mediterranean Shipping Company S.A., and MSC Mediterranean Shipping Company S.A., to the extent reasonably necessary to advise on, manage, or assist with the Section 1782 Action, the Foreign Proceeding, or the Argentine Proceedings;

b. counsel of record for MSC Argentina in the Section 1782 Action and the Foreign Proceeding;

c. employees of counsel of record for MSC Argentina in the Section 1782 Action and the Foreign Proceeding who are assisting in the Section 1782 Action and/or the Foreign Proceeding;

d. for Confidential Materials related to Eveston LLC, Eveston LLC and its counsel;

e. for Confidential Materials related to Milman Corp., Milman Corp. and its counsel;

f. persons who authored the Confidential Materials in question;

g. employees of Argentina's Public Prosecutor's Office (the *Fiscalías Nacionales de Instrucción Fiscalias Nacionales en lo Criminal y Correccional de la Capital Federal*) investigating or prosecuting the Foreign Proceeding;

h. witnesses named or listed for deposition or trial and their counsel during the course of testimony;

i. witnesses counsel considers important or relevant to the Section 1782 Action and/or the Foreign Proceeding who are not otherwise named or listed for deposition or trial;

j. any expert, consultant, or other third party retained by counsel for or on behalf of MSC Argentina to assist in the preparation, analysis, or prosecution of legal proceedings in the Republic of Argentina, including, without limitation, forensic accountants, forensic technology specialists, financial analysts, investigators, and litigation support professionals;

k. outside discovery vendors, document hosting vendors, photocopying or graphic reproduction vendors, or other litigation support services vendors as necessary for use in connection with the Section 1782 Action and/or the Foreign Proceeding;

l. any person or entity to whom disclosure is required or authorized by an order of the Court or by applicable law; and

m. any judicial, prosecutorial, regulatory, or governmental authority with jurisdiction in the Republic of Argentina, including, without limitation: (i) Argentina's National Criminal and Correctional Court of Appeals (Cámara Nacional de Apelaciones en lo Criminal y Correccional); (ii) National Criminal Court No. 7 (Juzgado Nacional en lo Criminal y Correccional Federal N° 7 ); (iii) the Argentine Federal Judiciary (Poder Judicial de la Nación) and any court or tribunal of any jurisdiction or subject-matter competence within it; (iv) the Office of the Public Prosecutor (Ministerio Público Fiscal) and any prosecutor acting under its authority; (v) the Financial Information Unit (Unidad de Información Financiera, "UIF"); (vi) the National Securities Commission (Comisión Nacional de Valores, "CNV"); and (vii) any other court, arbitral tribunal, law enforcement agency, regulatory body, or governmental authority of any kind exercising jurisdiction in the Republic of Argentina (jointly, hereinafter the "Argentine Proceedings").

6. <u>Use in the Argentine Proceedings:</u> Notwithstanding any other provision of this Protective Order, nothing herein shall restrict, limit, or otherwise impair the use, submission, filing,

presentation, or disclosure of Confidential Information in connection with any judicial, prosecutorial, arbitral, administrative, regulatory, or investigative proceeding pending or commenced in the Republic of Argentina, or the delivery of such information to any authority, court, tribunal, or body referenced in Paragraph 5(m) above or otherwise exercising competent jurisdiction in the Republic of Argentina. For the avoidance of doubt, any party or authorized recipient may use and disclose Confidential Information in Argentine Proceedings to the extent required by the Argentine Proceedings or Authorities.

7. Before any third party described in paragraphs 5(h)–5(l) above receives access to Confidential Materials, such person shall read this Protective Order and sign the Acknowledgment (attached hereto as **Exhibit A**) confirming his/her agreement to be bound by the terms of this Protective Order and the Acknowledgement. Counsel for MSC Argentina shall maintain a copy of each such executed Acknowledgement, which shall be made available to JPMC within five business days of JPMC's request.

8. All Confidential Materials filed with the Court in the Section 1782 Action, and all portions of pleadings, motions, or other papers filed with the Court in the Section 1782 Action that disclose such Confidential Materials, shall be filed under seal and kept under seal until further order of the Court. The filing party will use its best efforts to minimize such sealing. In any event, any party filing any pleadings, motions, or other papers containing Confidential Materials with the Court in the Section 1782 Action shall also publicly file a redacted copy of the same that redacts only the Confidential Material itself. This section shall not be construed to apply to the Foreign Proceeding or Argentine Proceedings.

9. Any party that objects to any designation of Confidentiality may serve upon JPMC and MSC Argentina (if MSC Argentina is not the party objecting to the Confidentiality

designation) a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, the objecting party may file a motion with the Court in the Section 1782 Action for an order vacating any designation of Confidentiality. Unless otherwise ordered by the Court in the Section 1782 Action, all documents designated as Confidential shall remain subject to all terms of this Protective Order.

10. If at any time JPMC realizes that it inadvertently produced any Confidential Material without designating it Confidential, it may so designate the Confidential Material as Confidential by notifying MSC Argentina in writing and re-producing the Confidential Material with a Confidential designation. Such Confidential Material shall thereafter be treated as Confidential under the terms of this Protective Order.

11. JPMC's failure to designate a document as Confidential when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as confidential, but the receiving party's disclosure of the document or its contents during such intervening time period shall not constitute a violation of this Protective Order.

12. JPMC's inadvertent production of privileged materials or documents, whether or not designated as Confidential, shall not constitute the waiver of such privilege provided that JPMC "claws back" such documents in writing within a reasonable period of time following discovery of the inadvertent production. The receiving party shall return or destroy any inadvertently produced privileged documents that are subject to a claw back request, any copies thereof, and all notes made therefrom.

13. If a receiving party is served with a subpoena, a request, or an order issued in another litigation, arbitration, or other proceeding or matter that would require disclosure of any of the Confidential Materials, the receiving party must notify JPMC in writing immediately and in

no event more than five business days after receiving the subpoena, request, or order. Such notification must include a copy of the subpoena, request, or order. The receiving party also must immediately inform, in writing, the party who caused the subpoena, request, or order to issue or be served in the other litigation, arbitration, or other proceeding or matter that some or all of the material covered by the subpoena, request, or order is the subject of this Protective Order. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford JPMC an opportunity to protect its Confidential Materials in the other litigation, arbitration, or other proceeding or matter.

14. All Confidential Materials produced or exchanged hereunder, and all copies thereof, shall be returned to JPMC or destroyed within 30 days following the dismissal, judgment, award, or non-appealable order in the Foreign Proceeding. If the receiving party elects to destroy rather than return Confidential Material, the receiving party or its counsel shall provide written confirmation thereof 30 days following the dismissal, judgment, award, or non-appealable order in the Foreign Proceeding. Notwithstanding the dismissal, termination, settlement, judgment, award, or other disposition of the Foreign Proceeding, the obligations imposed by this Protective Order shall remain in full force and effect subject only to modification by the Parties and the Court in the Section 1782 Action.

15. This Protective Order is not intended to waive any objection or preclude JPMC from objecting to any discovery request believed to be improper. This Protective Order also does not obviate a party's obligation to comply with state or federal statute, constitutional protections, or other rules or regulations protecting certain information from disclosure, including but not limited to the Gramm-Leach-Bliley Financial Modernization Act.

**SO STIPULATED AND AGREED.**

Dated November 12, 2026

*/s/ Benjamin Allee*
Benjamin R. Allee
YANKWITT LLP
140 Grand Street, Suite 705
White Plains, New York 10601
Ph.: (914) 686-1500
Fax: (914) 487-5000
Email: benjamin@yankwitt.com

*Counsel for Mediterranean Shipping Company S.A.*

*/s/ Daniel Pulecio-Boek*
Daniel Pulecio-Boek
GREENBERG TRAURIG, LLP
2101 L Street NW, Suite 1000
Washington, D.C. 20037
Tel.: (202) 331-3100
Fax: (202) 331-3101
Email: pulecioboekd@gtlaw.com

Alison T. Holdway (*pro hac vice*)
GREENBERG TRAURIG, LLP
One International Place, Suite 2000
Boston, MA 02110
Tel.: (617) 310-6000
Fax: (617) 310-6001
Email: Alison.Holdway@gtlaw.com

*Counsel for JPMorgan Chase Bank N.A.*

**SO ORDERED.**

Dated: November 13, 2026
New York, New York

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>APPLICATION OF MEDITERRANEAN SHIPPING COMPANY S.A. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782,<br><br>Applicant. | Case No. 1:25-mc-00598-JLR |

**ACKNOWLEDGMENT**

I, ________________________________________, acknowledge that I have read and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of Confidential Materials (as defined in the Protective Order). I agree to be bound by the terms of the Protective Order. I further agree that I will not disclose Confidential Material to anyone other than those identified in the Protective Order and shall do so only for purposes of the Section 1782 Action (as defined in the Protective Order), the Foreign Proceeding (as defined in the Protective Order), and/or the Argentine Proceedings (as defined in the Protective Order). By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under the Protective Order or this Acknowledgement and the enforcement of the Protective Order and this Acknowledgement. I further understand that my willful violation of any term of the Protective Order or this Acknowledgement could subject me to punishment for contempt of court.

Dated: ______________________________

______________________________
(Signature)

Name: ______________________

Company: ______________________

Title: ______________________

Email: ______________________